**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| E.A.D.G., by and through REBECCA POPUCH,<br><br>Petitioner,<br><br>v.<br><br>TROY MCNAIR, et al.,<br><br>Respondents. | NO. CV 26-7706-AS<br><br>**MEMORANDUM DECISION AND ORDER** |

**I.**

**INTRODUCTION**

On July 17, 2026, E.A.D.G. ("Petitioner"), who was at that time a minor in the custody of the Office of Refugee Resettlement ("ORR"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") against: Troy McNair, Residential Director of the Rancho San Antonio Boys Home in Chatsworth, California ("RSA"); Lilliana Renteria, ORR Federal Field Specialist; Niky Hymel, ORR Federal Field Specialist Supervisor; Alex J. Adams, Assistant Secretary of the Administration for Children and Families; Angie Salazar, ORR Acting Director; and Robert F. Kennedy, Jr., the Secretary of the United

States Department of Health and Human Services (collectively "Respondents"). (Docket ("Dkt.") No. 1). The Petition alleges Petitioner is a seventeen-year-old Guatemalan citizen who was designated an unaccompanied child when he entered the United States on March 3, 2026. (Petition, ¶¶ 2, 21, 29). On March 4, 2026, Petitioner was transferred into ORR custody at RSA. (Petition, ¶¶ 2, 29). Petitioner's mother, H.Y.G.I., was designated as Petitioner's potential sponsor when Petitioner was detained at RSA. (Petition, ¶ 31). Petitioner also has an older brother who lives with Petitioner's mother and has been identified as an alternate caregiver. (Petition, ¶¶ 7, 36, 38). The Petition raises three claims for relief: (1) Respondents have violated a non-discretionary duty under the Trafficking Victims Protection Reauthorization Act of 2008 to promptly place Petitioner in the least restrictive setting consistent with his best interests; (2) Respondents have deprived Petitioner of procedural due process; and (3) Respondents have deprived Petitioner of substantive due process. (Petition, ¶¶ 101-20). Petitioner seeks a writ of habeas corpus compelling Respondents to release Petitioner into the custody and care of his mother. (Petition at 31). Petitioner also requests, *inter alia*, a declaration that Respondents have violated Petitioner's constitutional and statutory rights. (Id.).

On July 28, 2026, Respondents filed an Answer with the Declaration of Toby Biswas. (Dkt. No. 19). On July 31, 2026, Petitioner filed a Reply with the Declaration of Rebecca Popuch. (Dkt. No. 22).

On August 14, 2026, the Court held a status conference during which the parties confirmed that, earlier that day, Petitioner had been

released to his mother. (Dkt. Nos. 28, 30). In light of this information, Respondents sought dismissal of the Petition as moot, but Petitioner requested additional relief in the form of a permanent injunction or declaratory relief on Petitioner's claims. (Id.). The Court noted that "[s]ince ORR will lack jurisdiction over Petitioner when he reaches the age of 18 in a short period of time, it does not appear that Petitioner is entitled to any further relief." (Id.). Nevertheless, the Court afforded the parties an opportunity to brief the issue. (Id.). On August 20, 2026, Petitioner filed a Supplemental Brief, and Respondents filed a Supplemental Brief on August 26, 2026. (Dkt. Nos. 32, 34).

**II.**

**DISCUSSION**

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." Deakins v. Monaghan, 484 U.S. 193, 199 (1988); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). "[F]ederal courts may not 'give opinions upon moot questions or abstract propositions.'" Calderon v. Moore, 518 U.S. 149, 150 (1996) (per curiam) (citation omitted). "This means that, throughout the litigation, the [petitioner] 'must have suffered, or be threatened with, an actual injury traceable to the [respondents] and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). Mootness is a threshold jurisdictional issue. Alliance for the Wild Rockies v. Savage, 897 F.3d 1025, 1031 (9th Cir. 2018); United States v. Strong, 489 F.3d 1055, 1059 (9th Cir.

2007); see also United States v. Sanchez-Gomez, 584 U.S. 381, 385-86 (2018) ("A case that becomes moot at any point during the proceedings is no longer a Case or Controversy for purposes of Article III, and is outside the jurisdiction of the federal courts." (citation and internal quotation marks omitted)); Shell Offshore Inc. v. Greenpeace, Inc., 815 F.3d 623, 628 (9th Cir. 2016) ("We first address, as we must, the question of mootness before we can consider the substance of the parties' contentions.").

A habeas petition is moot when a petitioner "seeks relief [that] cannot be 'redressed by a favorable . . . decision' of the court issuing a writ of habeas corpus." Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer, 523 U.S. at 7); Caswell v. Calderon, 363 F.3d 832, 837 (9th Cir. 2004). That is the case here. The Petition challenges Petitioner's continued detention in ORR custody, and seeks Petitioner's release from that detention. However, Petitioner has been released from ORR custody and, having just turned eighteen years old (Petition, ¶ 42 ("E.A.D.G. will turn 18 years-old on August 28, 2026.")) he cannot be returned to that custody. Cf. Ramirez v. United States Immigr. & Customs Enf't, 812 F. Supp. 3d 86, 90 (D. D.C. 2025) (If unaccompanied minors lacking immigration status "are still in [ORR] custody on their eighteenth birthday, the now-adult immigrants 'age out' of . . . ORR custody and are transferred to [Department of Homeland Security] custody — that is to say, [United States Immigration and Customs Enforcement] custody."). Accordingly, the pending Petition is moot. Abdala v. Immigration & Naturalization Serv., 488 F.3d 1061, 1065 (9th Cir. 2007); Burnett, 432 F.3d at 1000-01; see also Riley v. Immigration & Naturalization Serv., 310 F.3d

1253, 1257 (10th Cir. 2002) ("Appellant's release from detention moots his challenge to the legality of his extended detention.").

Petitioner contends the Petition is not moot because he also seeks declaratory relief. (See Dkt. No. 30 at 8; Dkt. No. 32). The Court disagrees. "[T]he test for mootness applied to a claim for declaratory relief 'is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Bayer v. Neiman Marcus Grp., Inc., 861 F.3d 853, 867 (9th Cir. 2017) (quoting MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007)); Center for Biological Diversity v. Lohn, 511 F.3d 960, 963 (9th Cir. 2007). "'Stated another way, the central question . . . is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief.'" Bayer, 861 F.3d at 867 (citation omitted); Gator.com Corp. v. L.L. Bean, Inc., 398 F.3d 1125, 1129 (9th Cir. 2005) (en banc).

Petitioner seeks a declaration that "Respondents have violated Petitioner's constitutional and statutory rights[.]" (Petition at 31). But "a declaratory judgment merely adjudicating past violations of federal law — as opposed to continuing or future violations of federal law — is not an appropriate exercise of federal jurisdiction." Bayer, 861 F.3d at 868; Trinh v. Homan, 466 F. Supp. 3d 1077, 1094 (C.D. Cal. 2020); see also Spencer, 523 U.S. at 18 (Federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong."). "The value of the judicial

pronouncement — what makes it a proper judicial resolution of a case or controversy rather than an advisory opinion — is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff*." Bayer, 861 F.3d at 868 (citation and internal quotation marks omitted; italics in original); City & Cnty. of San Francisco v. Garland, 42 F.4th 1078, 1087 (9th Cir. 2022). Here, a declaration that Respondents violated Petitioner's rights would not affect Respondents' behavior toward Petitioner since Petitioner has already been released from ORR custody and "aged out" of ORR jurisdiction. Therefore, Petitioner's request for declaratory judgment is moot.[1] Bayer, 861 F.3d at 868; see also Trinh, 466 F. Supp. 3d at 1095 ("Because the declaration Petitioners seek would be nothing more than a retrospective opinion that their rights were violated, the Court cannot issue it."); Vega Montanez v. Warden of Adelanto Det. Ctr., 2026 WL 2498748, *1 (C.D. Cal. 2026) (finding petitioner's request for declaratory relief moot when "a declaration that Petitioner's prior detention is unlawful would not affect Respondents' behavior toward Petitioner now as she has already been released. . . ."); Zaitsev v. Warden, 2026 WL 1850079, *4 (C.D. Cal. 2026) ("Petitioner is no longer detained, and his request for declaratory relief only pertains to the circumstances of his prior detention. Therefore, Petitioner's request for declaratory relief is moot." (citation omitted)).

---

[1] "Similarly, '[a] request for injunctive relief remains live only so long as there is some present harm left to enjoin[,]'" City & Cnty. of San Francisco, 42 F.4th at 1086 (quoting Bayer, 861 F.3d at 864), which there is not here since Petitioner has been released and "aged out" of ORR custody. Thus, to the extent Petitioner seeks a "permanent injunction prohibiting detention by ORR" (see Dkt. No. 30 at 7), such request is also moot. Bayer, 861 F.3d at 865.

## III.

## ORDER

Accordingly, it is hereby ORDERED that the Petition (Dkt. No. 1) be DENIED without prejudice as moot.

DATED: August 31, 2026

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE